UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

'05 AUG -2 P4:07

U.S. DIST. COURT CLERK
EAST DIST MICH.
DETROIT-PSG

D'ANDRE L. COFFEE,

    Petitioner,

v.

SHIRLEE A. HARRY,

    Respondent,
_____/

Civil No. 04-71209-DT
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

### OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS TO DELETE AN UNEXHAUSTED CLAIM, ORDER AMENDING CAPTION, ORDER THAT THE PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND ORDER DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS IN THIS CASE.

On March 22, 2004, petitioner, D'Andre L. Coffee, presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction on two counts of first-degree felony murder, M.C.L.A. 750.316; M.S.A. 28.548; four counts of assault with intent to commit murder, M.C.L.A. 750.83; M.S.A. 28.278; and possession of a firearm in the commission of a felony, M.S.A. 750.227b; M.S.A. 28.424(2).[1] The Court reviewed the petition and concluded that it was subject to dismissal because it contained a claim that had not been exhausted with the state courts. However, instead of dismissing the

---

[1] Petitioner was incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan when he initially filed his petition and the original respondent was Ken McKee.

petition without prejudice, the Court stayed the proceedings to permit petitioner to return to the state courts to exhaust this claim. Petitioner was initially given thirty days to file his post-conviction motion in the state courts. On May 28, 2004, the Court granted petitioner a sixty day extension of time to file a motion for relief from judgment in the state court.

Petitioner has now filed a letter request, in which he seeks to delete his sixth unexhausted claim and to proceed only on his first five exhausted claims. For the reasons stated below, petitioner's motion to amend the petition to delete his one unexhausted claim is **GRANTED**. The Court will also amend the caption to reflect the name of petitioner's current warden, Shirlee A. Harry. The Court will also order that the Clerk of the Court serve a copy of the petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court further **ORDERS** the respondent to file an answer addressing the merits of the exhausted claims within sixty days of the Court's order. Respondent is also ordered to provide the Rule 5 materials at the time that it files its answer.

## I. DISCUSSION

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

In the present case, petitioner originally sought habeas relief on the following

grounds:

> I. The trial judge abused her discretion in denying defendant's motion for severance, resulting in a violation of due process because of highly prejudicial evidence relevant to the codefendants but not to Coffee was heard by the jury.
>
> II. Defendant Coffee was denied his state and federal Due-Process right to a fair trial through prosecutorial misconduct, including denigration of defense counsel and improper appeal to the peace and safety of the community, as well as sympathy for the victim.
>
> III. Inadequate instructions on aiding and abetting and in overruling [the] defense request for an instruction that the jury could consider whether before the shootings Coffee stayed in the van due to threats and duress.
>
> IV. Defendant's convictions for murder and assault with intent to murder should be reversed because the evidence was insufficient as a matter of law to sustain a verdict of guilty beyond a reasonable doubt.
>
> V. The cumulative effect of the errors committed at trial deprived Defendant Coffee of his state and federal rights to a fair trial.
>
> VI. The trial judge violated Defendant's rights when she failed to grant the request of dismissal of counsel. (New Claim).

This Court found that petitioner's sixth claim had not been properly exhausted with the state courts. Petitioner now wishes to to withdraw this claim from consideration by the Court.

A habeas petitioner has a right to amend his mixed petition containing exhausted and unexhausted claims to delete his unexhausted claims, as an alternative to the petition being dismissed. *James v. Giles*, 221 F. 3d 1074, 1077 (9th Cir. 2000); *Jackson v. Dormire*, 180 F. 3d 919, 920 (8th Cir. 1999). Outright dismissal of this mixed petition would be error without affording petitioner the opportunity to amend the petition by striking the unexhausted claim

as an alternative to dismissal. *Anthony v. Cambra*, 236 F. 3d 568, 574 (9th Cir. 2000). Because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, in lieu of dismissing the petition, the Court will permit petitioner to delete the sixth unexhausted claim from his petition.

The Court will also order that the caption in this case be amended to reflect that the proper respondent in this case is now Shirlee A. Harry, the warden of Muskegon Correctional Facility in Muskegon, Michigan, where petitioner is currently incarcerated. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden. *See Hogan v. Hanks*, 97 F. 3d 189, 190 (7th Cir. 1996); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

The Court will further order that the Clerk of the Court serve a copy of the habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4.

Finally, the Court will order respondent to file an answer addressing the merits of petitioner's remaining exhausted claims within sixty days of the Court's order. A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition. *Ukawabutu v. Morton*, 997 F. Supp. 605,

610 (D.N.J. 1998). This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. The Court will therefore order respondent to file an answer which addresses the merits of petitioner's five exhausted claims.

The Court also orders respondent to provide the Rule 5 materials at the time it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

## II. <u>ORDER</u>

**IT IS HEREBY ORDERED** That petitioner's motion to amend the petition to delete the sixth unexhausted claim is **GRANTED.**

**IT IS FURTHER ORDERED** that the caption of the case be amended to reflect that Shirlee A. Harry is the proper respondent in this case.

**IT IS FURTHER ORDERED** That the Clerk of the Court serve a copy of the petition for writ of habeas corpus and a copy of this Order on respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** That respondent shall file an answer addressing the

merits of petitioner's exhausted claims and the Rule 5 materials within **sixty days** of the Court's order.

                                                      HON. PAUL D. BORMAN
                                                      UNITED STATES DISTRICT COURT

DATED: JUL 2 9 2005

CASE NUMBER 04-CV-71209-DT

JUDGE PAUL D. BORMAN

# PROOF OF MAILING

## ON THE DATE INDICATED, I MAILED A COPY OF THE AMENDED OPINION AND ORDER AND HABEAS PETITION TO THE FOLLOWING:

D'Andre L. Coffee, #234307 (Order Only)

Michigan Attorney General, Mike Cox

Shirlee A. Harry, Warden – Saginaw Correctional Facility

Date: Aug. 2, 2005

By: [signature]
Deputy Clerk