UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE L. COFFEE,

    Petitioner,                             Civil No. 04-71209-DT
                                                     HONORABLE PAUL D. BORMAN
v.                                                        UNITED STATES DISTRICT JUDGE

SHIRLEE A. HARRY,

    Respondent,
_____/

**OPINION AND ORDER
(1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
(2) DENYING A CERTIFICATE OF APPEALABILITY,
AND (3) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

D'Andre L. Coffee, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction on two counts of first-degree felony murder, MICH. COMP. LAWS ANN. § 750.316; four counts of assault with intent to commit murder, MICH. COMP. LAWS ANN. § 750.83; and possession of a firearm in the commission of a felony, MICH. COMP. LAWS ANN. § 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

## BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court in which he was tried jointly with co-defendants Montez Moore and Thomas Culbreath. A third co-defendant, James Langford, was tried separately.

Petitioner has provided a detailed statement of facts in the state appellate court briefs that

1

he has attached to his petition for writ of habeas corpus.[1] Respondent has likewise provided a detailed factual summary of the case, which does not essentially conflict with these statements of facts. The Court will therefore accept the factual allegations contained within the habeas petition insofar as they are consistent with the record because Respondent has not disputed them. *See Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002). Since the facts of this case have been repeated numerous times, they need not be repeated here in their entirety. Therefore, only a brief overview of the facts is required. *See Nevers v. Killinger,* 990 F. Supp. 844, 847 (E.D. Mich. 1997).

Petitioner's conviction arose out of the kidnaping of Athena Akins and her son Leroy Akins in Detroit, Michigan on December 5, 1998, by Petitioner and three co-defendants. The evidence at trial established that Petitioner accompanied the other co-defendants to Athena Akins' house. Petitioner wore a mask and was armed with a firearm, as were the other men. During the robbery and extortion, Langford told Athena Akins that if the police attempted to stop the van, the men were going to shoot the police. In response to Langford's remarks, the other men in the van said, "Yeah."

Soon after the men dropped Akins and her son off, the police began following the van. Petitioner advised the other co-defendants that the police were following them. James Langford, who was driving the van, told co-defendant Moore to shoot the police. Moore moved from the front seat of the van to the back seat with a rifle. As he did so, petitioner said several times, "Bang at them, bang at them." Although there was some testimony by Eugene Childrey, an

---

[1] Due to the brevity of the petition for writ of habeas corpus, this Court is willing to incorporate the issues and arguments raised in the state appellate court briefs that petitioner has attached to his petition as being part of petitioner's application for writ of habeas corpus. *See, e.g., Burns v. Lafler,* 328 F. Supp. 2d 711, 717 n. 2 (E.D. Mich. 2004).

accomplice to this crime, that this meant for the others to escape or get away, Petitioner made this statement while there were discussions between the defendants about whether they should shoot the police. In the ensuing chase, Detroit Police Officer Shawn Bandy was shot and killed. Another officer was injured.

Petitioner's conviction was affirmed on appeal. *People v. Coffee,* No. 224086 (Mich. Ct. App. April 30, 2002); *lv. den.* 467 Mich. 931 (2002).

Petitioner seeks the issuance of a writ of habeas corpus on the following grounds:

I. The trial judge abused her discretion in denying defendant's motion for severance, resulting in a violation of due process because of highly prejudicial evidence relevant to the codefendants but not to Coffee was heard by the jury.

II. Defendant Coffee was denied his state and federal due process right to a fair trial through prosecutorial misconduct, including denigration of defense counsel and improper appeal to the peace and safety of the community, as well as sympathy for the victim.

III. The trial judge provided inadequate instructions on aiding and abetting and in overruling [the] defense request for an instruction that the jury could consider whether before the shootings Coffee stayed in the van due to threats and duress.

IV. Defendant's convictions for murder and assault with intent to murder should be reversed because the evidence was insufficient as a matter of law to sustain a verdict of guilty beyond a reasonable doubt.

V. The cumulative effect of the errors committed at trial deprived Defendant Coffee of his state and federal rights to a fair trial. [2]

## STANDARD OF REVIEW

---

[2] Petitioner originally sought habeas relief on six claims. The Court reviewed the petition and concluded that it was subject to dismissal because it contained a claim that had not been exhausted with the state courts. However, instead of dismissing the petition without prejudice, the Court held the matter in abeyance pending petitioner's return to the state courts to exhaust his sixth claim. However, petitioner subsequently moved to amend his habeas petition to delete his sixth unexhausted claim, which this Court granted. *See Coffee v. Harry,* 2005 WL 1861943 (E.D. Mich. August 2, 2005).

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## DISCUSSION

**A. The Severance Claim**

Petitioner first contends that the trial court abused her discretion in denying Petitioner's motion for severance, because a large amount of highly prejudicial evidence that was relevant to the co-defendants, but not to petitioner, was heard by the jury.

A criminal defendant is not entitled to a separate trial merely because he or she might

have had a better chance for acquittal in a separate trial. *Zafiro v. United States*, 506 U.S. 534, 540 (1993). A court should grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. A habeas petitioner who seeks habeas relief on the basis of a state trial court's failure to sever his or her trial from his or her co-defendant's trial bears a very heavy burden. *Stanford v. Parker,* 266 F. 3d 442, 459 (6th Cir. 2001). Joinder of defendants for trial is the preferred course, which creates a presumption in favor of joinder which must be overcome by the party seeking severance. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 641 (E.D. Mich. 2001).

Petitioner first contends that the prosecutor introduced statements made by the co-defendants in this case. Where a co-defendant's incriminating confession is admitted at a joint trial and the co-defendant does not take the stand, a defendant is denied the constitutional right of confrontation, even if the jury is instructed to consider the confession only against the co-defendant. *Bruton v. United States*, 391 U.S. 123, 127-28 (1968). However, no *Bruton* violation results where the statement does not expressly implicate a defendant in the charged offense because such a statement would not be "powerfully incriminating." *Richardson v. Marsh,* 481 U.S. 200, 208 (1987); *Vincent v. Parke*, 942 F. 2d 989, 991 (6th Cir. 1991).

In the present case, none of the statements made by the co-defendants mentioned Petitioner by name or even indirectly alluded to him. Since the out-of-court statements made by the co-defendants did not expressly incriminate Petitioner, the failure to sever Petitioner's trial did not prejudice him. *See Clark v. O'Dea,* 257 F.3d 498, 504 (6th Cir. 2001) (citing *United States v. Sherlin,* 67 F.3d 1208, 1215 (6th Cir. 1995)).

Petitioner further contends that the joint trial prejudiced him because of the admission of testimony that co-defendants Langford and Moore were arrested in Erie, Pennsylvania after barricading themselves inside of a house. After their arrest, police recovered several firearms from the location.

The mere fact that there "is a substantial difference in the amount of evidence adduced against each defendant ... is not grounds to overturn a denial of severance unless there is a substantial risk that the jury could not compartmentalize or distinguish between the evidence against each defendant." *Clark,* 257 F.3d at 504 (quoting *United States v. Lloyd*, 10 F. 3d 1197, 1215 (6th Cir. 1993)). Severance is not required even if some evidence is admissible against some defendants and not others. *See United States v. Warner,* 971 F. 2d 1189, 1196 (6th Cir. 1992). Indeed, in determing whether to grant a severance, a trial court must presume that the jury is "capable of sorting out the evidence and considering the cases of each defendant separately." *United States v. Cobleigh,* 75 F.3d 242, 247 (6th Cir. 1996) (quoting *United States v. Moore*, 917 F. 2d 215, 222 (6th Cir.1990)). Thus, absent a showing of substantial prejudice, the spillover of evidence from one case to another does not require severance of trial from that of a co-defendant. *Moore,* 917 F. 2d at 221.

In the present case, a jury could easily separate the testimony about Moore and Langford from the testimony against Petitioner, because the testimony about Moore and Langford barricading themselves inside a house in Erie, Pennsylvania was not particularly complex. *Clark,* 257 F. 3d at 504. Moreover, none of this evidence directly implicated Petitioner in the crimes that he was convicted of. *Id.* at 504-05. Since the Michigan Court of Appeals' decision that Petitioner should be tried jointly with the other defendants was not an unreasonable

application of clearly established law, Petitioner is not entitled to habeas relief on his first claim. *Id.*

**B.     The Prosecutorial Misconduct Claim**

Petitioner next contends that he was deprived of a fair trial because of prosecutorial misconduct. When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor.  On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Michigan Dep't of Corrs.*, 4 F.3d 1348, 1355-56 (6th Cir. 1993).  In evaluating prosecutorial misconduct in a habeas case, consideration should be given to (1) the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused; (2) whether they were isolated or extensive; (3) whether they were deliberately or accidentally placed before the jury; and (4) except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Id.*

Petitioner first claims that the prosecutor committed misconduct by denigrating co-defendant's counsel.  In this case, even if the prosecutor's attack on the co-defendant's counsel was improper, it was not so prejudicial so as to deprive petitioner of a fair trial, where the improper comments were directed solely to the questions or closing arguments of the co-defendant's counsel. *See United States v. Cooper,* 577 F. 2d 1079, 1086 (6th Cir. 1978) (finding that the prosecutor's reference to co-defendant's attorney as a "hired gun" was not prejudicial, because the remark was directed not against the defendant, but against the co-defendant's attorney); *United States v. O'Connell,* 841 F.2d 1408, 1429 (8th Cir. 1988).

7

Petitioner next claims that the prosecutor engaged in an improper "civic duty" argument by making a brief remark about too many homicides ocurring in Detroit each year. With regards to civic or societal duty arguments, the Sixth Circuit has noted that, "[u]nless calculated to incite the passions and prejudices of the jurors, appeals to the jury to act as the community conscience are not *per se* impermissible." *Byrd v. Collins,* 209 F. 3d 486, 539 (6th Cir. 2000) (quoting *United States v. Solivan*, 937 F. 2d 1146, 1151 (6th Cir.1991)). In this case, the prosecutor's remarks, while improper, did not rise to the level of remarks designed to incite prejudice in a jury, thus defeating petitioner's "civic duty" argument claim. *See Puetas v. Overton,* 168 Fed. Appx. 689, 701 (6th Cir. 2006). Petitioner's civic duty argument claim would also be defeated by the fact that the trial court instructed the jury that they were not to let sympathy or prejudice influence their decision [T. 07/06/1999, p. 66]. *Cameron v. Pitcher*, 2001 WL 85893, * 10 (E.D. Mich. 2001).

Petitioner next claims that the prosecutor improperly invoked sympathy for Officer Bandy and the other police officers. Even if the prosecutor's appeals to the jury's emotions or sympathies was improper, this would be insufficient to render the trial fundamentally unfair, since it was likely that the nature of the crime itself would have produced juror sympathy even before the prosecutor made any of these comments. *See Millender v. Adams,* 187 F. Supp. 2d 852, 875-76 (E.D. Mich. 2002). This portion of Petitioner's claim would also be defeated by the fact that the trial court instructed the jury that they were not to let sympathy or prejudice influence their decision. [T. 07/06/1999, p. 63]. *Id.* Petitioner is not entitled to habeas relief on his second claim.

**C.      The Instructional Error Claim**

Petitioner next claims that the trial court's jury instructions were improper. An erroneous jury instruction warrants habeas corpus relief only where the instruction " so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quotation omitted). "[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned', but that it violated some [constitutional] right." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). A jury instruction may not be judged in artificial isolation but must be considered in the context of the instructions as a whole and the trial record. *See Johnson v. Smith,* 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

Petitioner first contends that the jury instruction on aiding and abetting was inadequate. In rejecting this claim, the Michigan Court of Appeals noted that Petitioner failed to specify the alleged inadequacy of the aiding and abetting instruction. *See People v. Coffee,* No. 224086, slip op. at 21 (Mich. Ct. App. 2002). Nor does Petitioner specify the inadequacy of the instruction before this Court. Since Petitioner only generally or conclusorily asserts that the jury instruction on aiding and abetting was defective, without describing the manner in which the instruction was inadequate, he is not entitled to habeas relief on this claim. *See Klvana v. State of California,* 911 F.Supp. 1288, 1296 (C.D. Cal. 1995).

Petitioner next contends that the trial court erred in refusing to instruct the jury on the defense of duress. Duress is not a defense to murder in Michigan. *See Gimotty v. Elo,* 40 Fed. Appx. 29, 32 (6th Cir. 2002) (collecting cases). The rationale behind the Michigan cases for not allowing duress to be a defense to homicide "[w]ould extend not only to direct acts of homicide, but also to the commission of the criminal acts underlying felony murder which create a high

9

risk of death or serious physical harm and which in fact result in death." *Id.* at 33. Thus, the decision of the Michigan courts that duress was not a defense to either the murder charges or to the underlying felony charges in petitioner's case was not contrary to Michigan law nor did this violate Petitioner's federal constitutional rights. Hence, the trial court's refusal to give an instruction on duress in regard to these charges did not violate due process. *Id.*

Petitioner further contends that the court should have included jury instruction CJI 2d 8.3 concerning the scope of a common unlawful enterprise in its instructions pertaining to felony-murder. The use notes to CJI 2d 8.3 indicate that such an instruction should not be given in felony-murder cases. *Id.* (citing *People v. Kelly,* 423 Mich. 261, 277-80, 286-87 (1985); *see People v. Stewart,* 2003 WL 22359378, *3 (Mich. Ct. App. 2003) (unpublished). Since Petitioner was not entitled to this instruction under state law, he is not entitled to habeas relief on this claim.

Petitioner lastly claims that the jury instructions were deficient because they permitted the jury to find Petitioner guilty of felony-murder and assault with intent to commit murder, even if the jury thought that petitioner only intended to participate in the kidnaping, armed robbery, and extortion. The Michigan Court of Appeals rejected this claim, noting that the trial court correctly instructed the jury that it was not enough for them to believe that petitioner agreed to commit the underlying felonies, but that they would have to find that petitioner acted with malice aforethought, *i.e.* with an intent to kill, an intent to do great bodily harm, or whether he created a very high risk of death or great bodily harm knowing that death or such harm was the probable result of his actions. *Coffee,* slip op. at 22.

Since the Michigan Court of Appeals found that the instruction given by the trial court

accurately reflected Michigan law, this Court must defer to that determination and cannot question it. *Seymour v. Walker*, 224 F.3d 542, 558 (6th Cir. 2000). Accordingly, Petitioner is not entitled to habeas relief on his third claim.

**D.     The Sufficiency of Evidence Claim**

Petitioner next contends that there was insufficient evidence to convict him of aiding and abetting felony-murder and assault with intent to commit murder, because there was no evidence that he acted with malice. A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Scott v. Mitchell*, 209 F.3d 854, 885 (6th Cir. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Since a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *See Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *See Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002). A conviction may rest on circumstantial evidence and a federal habeas court reviewing the sufficiency of evidence to support a conviction need not rule out all possible interpretations of the circumstantial evidence. *Dell,* 194 F. Supp. 2d at 647. A conviction may be based upon circumstantial evidence as well as inferences based upon the evidence. *Id.*

The elements of first-degree felony murder are:

11

>     (1)    the killing of a human being;
>     (2)    with an intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm is the probable result (*i.e.*, malice);
>     (3)    while committing, attempting to commit, or assisting in the commission of one of the felonies enumerated in the felony murder statute.

*Terry,* 208 F. Supp. 2d at 794 (citing *People v. Carines*, 460 Mich. 750, 759 (1999)).

The facts and circumstances surrounding a killing can give rise to an inference of malice. A factfinder can infer malice from evidence that a defendant intentionally set into motion a force likely to cause death or great bodily harm. *Terry,* 208 F. Supp. 2d at 794.

Under Michigan law, the elements of assault with intent to commit murder in Michigan are: (1) an assault; (2) with an actual intent to kill; (3) which if successful, would make the killing murder. *See Steele v. Withrow,* 157 F. Supp. 2d 734, 740 (E.D. Mich. 2001) (citing *People v. Hoffman*, 225 Mich. App. 103, 111 (1997)). A conviction for assault with intent to commit murder must be premised upon a defendant's specific intent to kill. *Id.* The intent to kill, for purposes of the crime of assault with intent to commit murder, need not be proved by direct, positive, or independent evidence. The trier of fact may draw reasonable inferences from the facts and evidence in determining the existence of an intent to kill. *See People v. Taylor*, 422 Mich. 554, 567-68 (1985).

To support a finding that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

>     (1)    the crime charged was committed by the defendant or some other person;
>     (2)    the defendant performed acts or gave encouragement that assisted the commission of the crime; and
>     (3)    the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

2:04-cv-71209-PDB-VMM   Doc # 53   Filed 09/07/06   Pg 13 of 16   Pg ID 4494

*Carines*, 460 Mich. at 757-58.

Under Michigan law, to convict a defendant of felony murder under an aiding and abetting theory, the prosecutor must show that (1) someone killed the victim during the underlying predicate felony, (2) the defendant assisted that person in killing the victim, and (3) the defendant either intended to commit the crime or he knew when he gave the assistance that the other person intended to commit the crime. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 858 (E.D. Mich. 2003) (citing *People v. Smielewski*, 235 Mich. App. 196, 207 (1999)).

In the present case, the Michigan Court of Appeals' rejection of Petitioner's sufficiency of evidence claim was not an unreasonable application of clearly established federal law.  The evidence established that petitioner agreed to participate in a kidnaping, armed robbery, and extortion plot with the other co-defendants.  Petitioner was armed with a firearm and knew that the other defendants were armed with firearms.  A number of cases have held that a defendant's participation in an armed robbery, while either he or his co-defendants were armed with a loaded firearm, manifested a wanton and reckless disregard that death or serious bodily injury could occur, to support a finding that the defendant acted with malice aforethought, so as to support a conviction for felony-murder on an aiding and abetting theory. *See Harris v. Stovall,* 22 F. Supp. 2d 659, 667 (E.D. Mich. 1998)*; People v. Turner,* 213 Mich. App. 558, 572-73 (1995)*; People v. Hart*, 161 Mich. App. 630, 635 (1987); *see also Redmond v. Jackson,* 295 F. Supp. 2d 767, 774 (E.D. Mich. 2003) (finding that petitioner's act of providing a firearm to be used in an armed robbery demonstrated a wanton and wilful disregard of the fact that a person could be killed or suffer great bodily harm during the course of the robbery).

The Michigan Court of Appeals further noted that Petitioner alerted the other co-

defendants that the police were following them.  Petitioner's role as a lookout for the police during the escape would be sufficient evidence under Michigan law to support petitioner's conviction for felony murder under an aiding and abetting theory. *See, e.g., Terry,* 208 F. Supp. 2d at 795.

Finally, after Langford told Moore to get into the backseat and shoot the police, Petitioner said, "Bang at them, bang at them."  Although Eugene Childrey testified that this meant to get away, the jury could have concluded that Petitioner was urging someone to shoot at the police.  As the Michigan Court of Appeals indicated in its opinion, this interpretation of Petitioner's comments was further buttressed by the fact that Petitioner made these comments while the other co-defendants were discussing whether to shoot the police.  In addition, there had been testimony from Akins that the other men in the van had earlier indicated assent at Langford's comments to her that they would shoot at the police if the police were to follow them.  When looking at Petitioner's comments in a light most favorable to the prosecution, they would allow a rational trier of fact to conclude that Petitioner encouraged the other co-defendants to shoot at the police with an intent to kill, so as to support Petitioner's convictions as an aider and abettor to felony-murder and assault with intent to murder.

### E. The Cumulative Errors Claim

In his final claim, Petitioner alleges that he was deprived of a fair trial because of cumulative error.  The Sixth Circuit has noted that the Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle,* 291 F. 3d 416, 447 (6th Cir. 2002).  Therefore, Petitioner is not entitled to habeas relief on his cumulative errors claim. *See id.; see also Salters v. Palmer,* 271 F. Supp. 2d 980, 992 (E.D. Mich. 2003).

## CONCLUSION

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to Petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of Petitioner's claims to be debatable or wrong. *Johnson,* 219 F. Supp. 2d at 885.  The Court will also deny Petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

15

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                              s/Paul D. Borman  
                              PAUL D. BORMAN  
                              UNITED STATES DISTRICT JUDGE

Dated:  September 7, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 7, 2006.

                              s/Denise Goodine  
                              Case Manager